# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>P.O. Box 34553<br>Washington, D.C. 20043,<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED STATES<br>DEPARTMENT OF TRANSPORTATION,<br>1200 New Jersey Ave, S.E.<br>Washington, D.C. 20950,<br><br>*Defendant*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation brings this action against Defendant U.S. Department of Transportation ("DOT") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows.

### Jurisdiction and Venue

1.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper under 28 U.S.C. § 1391(e), as DOT's headquarters are located in Washington, D.C. and a substantial part of the events or omissions giving rise to plaintiff's claims occurred here.

**Parties**

3.     Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4.     Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  DOT has possession, custody, and control of records to which plaintiff seeks access.

**Facts**

**Trump Administration Officials' Use of Encrypted and Ephemeral Messaging Apps**

5.     According to several news organizations, federal officials and personnel in the Trump Administration are utilizing encrypted and ephemeral messaging applications when conducting government business to avoid record retention laws.

6.     The Washington Post, for example, reported that certain Trump Administration officials "have resorted to a secret chat app—Confide—that erases messages as soon as they're read." Ashley Parker and Phil Rucker, *Upheaval Is Now Standard Operating Procedure Inside the White House*, Washington Post (Feb. 13, 2017), https://goo.gl/mWWspo.

7.     Politico similarly reported that Trump Administration officials at the Environmental Protection Agency, the State Department, and the Department of Labor are using encrypted and ephemeral messaging. Andrew Restuccia, Marianne Levine, & Nahal Toosi, *Federal Workers Turn To Encryption to Thwart Trump*, Politico (Feb. 2, 2017), https://goo.gl/ZVEFDD.

8.  The extent of similar reporting on this topic indicates that the use of encrypted and ephemeral messaging applications by Trump Administration officials is widespread. *See, e.g.,* Mara Gay, *Messaging App Has Bipartisan Support Amid Hacking Concerns,* Wall Street Journal (Jan. 24, 2017), https://goo.gl/RssdRU (noting users of the ephemeral messaging application Signal include, "[p]olitical aides close to President Donald Trump."); Jonathan Swan and David McCabe, *Confide: The App for Paranoid Republicans,* Axios (Feb. 8, 2017), https://goo.gl/1tjKR7 ("Numerous senior GOP operatives and several members of the Trump administration have downloaded the app."); Sheera Frenkel, *White House Staff Are Using A "Secure" App That's Really Not So Secure*, Buzzfeed (Feb. 16, 2017), https://goo.gl/4VzXGy ("Some senior [Trump Administration] officials are using a new messaging app that may not be as secure as it claims.").

9.  Following these reports, the Archivist of the United States, David Ferriero, issued a memo to all "Senior Agency Officials for Records Management" stating that "agencies are responsible for properly managing electronic messages that are Federal records whether they are SMS texts, encrypted communications, direct messages on social media platforms, email or created on any other type of electronic messaging system or account." Memorandum from David S. Ferriero, Archivist of the United States, Records Management Priorities for 2017 (Mar. 15, 2017), https://goo.gl/wE76ku.  Archivist Ferriero further noted: "Agencies are responsible for setting policies that govern the use of these applications prior to their deployment and must take steps to manage and preserve records created through their use for as long as required." *Id.*

9.  DOT employees are intimately involved with sensitive Trump Administration priorities, such as the development of the Administration's $1 trillion infrastructure plan. For example,

DOT employees have reportedly been engaged in negotiations with private businesses and foreign countries to solicit funding for the sale or financing of public infrastructure in the United States. *See, e.g.*, Trevor Hunnicutt, *BlackRock CEO Sees Upside in Trump's U.S. Infrastructure Plans,* Reuters (Jan. 13, 2017), https://goo.gl/V8eijp; David Shepardson, *Trump to Meet U.S. Business Leaders on Infrastructure, Tax Reform,* Fox Business (Apr. 11, 2017), https://goo.gl/i9qd9N; Gillian Tett, *Private Money Might Yet Save Trump's Infrastructure Plans*, Financial Times (May 25, 2017), https://goo.gl/LxGnCH.

**Plaintiff's FOIA Request**

11.     To understand and explain to the public the scope and nature of government business potentially being improperly shielded from public scrutiny, plaintiff submitted a FOIA request to DOT.

12.     Plaintiff's FOIA request was submitted via electronic mail on May 18, 2017, and requested the following:

> 1)      All records that refer or relate to the use of Signal, WhatsApp, ProtonMail, Tor, Snapchat, Slack, Wickr, Secure Chat, Telegram, Summa Secure Messaging, CoverMe, Enkrypt, Ceerus, Pryvate, SaltDNA Enterprise, Blackphone, and other applications that allow for encrypted or ephemeral communication.

13.     Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

14.     On May 24, 2017, DOT acknowledged receipt of the letter and assigned the request tracking number 2017-242.

15. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOT was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

16. DOT's determination regarding plaintiff's FOIA request was due, at the latest, by June 16, 2017.

17. As of the date of this complaint, DOT has failed to: (1) determine whether to comply with the FOIA request, (2) notify plaintiff of any such determination of the reasons therefor, (3) advise plaintiff of the right to appeal any adverse determination, or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

18. Because DOT has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## Claim for Relief

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

19. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. By failing to respond to plaintiff's request within the statutorily mandated twenty (20) days, DOT has violated its duties under 5 U.S.C.§ 552, including but not limited the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, plaintiff prays that this Court:

1. order defendant to conduct a search for any and all responsive records to plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. order defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin defendant from continuing to withhold any and all non-exempt responsive records;

4. order defendant to grant plaintiff's request for a fee waiver;

5. award plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. grant any other relief this Court deems appropriate.

Dated: June 30, 2017                                Respectfully submitted,

/s/ *Javier M. Guzman*

Javier M. Guzman
(D.C. Bar No. 462679)
Karianne M. Jones (*pro hac vice motion to be filed*)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org
kjones@democracyforward.org